IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Gary G. Harris, ) | |
| ) | Civil Action No. 7:08-3020-HFF-WMC |
| Plaintiff, ) | |
| ) | **O R D E R** |
| vs. ) | |
| ) | |
| Tietex International, Inc., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the *pro se* plaintiff's motion for subpoenas (doc. 67). In his complaint, the plaintiff alleges that the defendant, his former employer, terminated his employment because of his age in violation of the Age Discrimination in Employment Act ("ADEA"). He also alleges state law claims against the defendant. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

On August 4, 2009[1], this court granted the plaintiff's counsel's motion to be relieved as counsel. The order provided that, "[a]ll deadlines are stayed pending further action of the court." The August 4 order gave the plaintiff until Friday, September 4, to find new counsel. By letter filed August 28, the plaintiff claimed he has unsuccessfully sought substitute counsel and speculated he might be able to obtain a new lawyer if the trial date were continued for an unspecified time. At the time the court stayed the deadline, the discovery completion date of August 24 was 20 days away. The plaintiff's former counsel had served the defendant with written discovery on July 20, and the defendant responded to it on August 21. The scheduling order has been amended twice to allow more time for discovery.

On August 28, the plaintiff, with the defendant's consent, filed a motion to amend the scheduling order for the sole purpose of extending the trial date. On September 10, this court entered a third amended scheduling order, extending the trial date until April 5, 2010, and also extending related pretrial deadlines. In the amended scheduling order, the deadline for dispositive motions was extended until September 22, but the discovery period, which closed on August 24, was not extended. According to the defendant, both the plaintiff and defendant agreed that additional discovery was not needed. The defendant filed a motion for summary judgment on September 22, and the plaintiff's response is due on or before October 26.

On September 14, 2009, the plaintiff filed a motion for subpoenas to non-party Hexion Chemicals for two categories of documents[1] and to the defendant for two categories of documents.[2] The subpoenas requested by the plaintiff are a form of discovery subject to the discovery cut-off date established in the scheduling order. The deadline for discovery in this case expired on August 24. The scheduling order had been amended twice to allow more time for discovery. While the plaintiff had counsel, his counsel served discovery requests on the defendant that were responded to during the discovery time frame. The *pro se* plaintiff has previously filed a motion to amend the scheduling order for the purpose of extending the trial date, which was granted by this court. However, the plaintiff has not sought an extension of discovery. Furthermore, the defendant has already filed a motion for summary judgment.

---

[1]The plaintiff seeks production of the "sign-in register" used at the Hexion Chemicals laboratory facility and the records of any meetings held at the Hexion primary facility on July 3, 2007.

[2]The plaintiff seeks "production and plant trial records, schedules, reports, ledgers for tenter frames 2 and 3 for the period February 1, 2007-June 18, 2007" and "production and plant trial records for tenter frame number 4 for January 25-27, 2007" (pl. m. for subpoenas 1).

2

Based upon the foregoing, this court finds that good cause does not exist to justify modification of the discovery deadline. *See* Fed.R.Civ.P. 16(b)(4). Accordingly, the plaintiff's motion (doc. 67) is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

September 28, 2009

Greenville, South Carolina