# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# SPARTANBURG DIVISION

| | |
|---|---|
| Gary G. Harris, ) | |
| ) | C.A. No. 7:08-cv-03020-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Tietex International, Ltd., ) | |
| ) | |
| Defendant. ) | |

This is an employment discrimination case brought by Plaintiff under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Plaintiff also alleges state law causes of action. On July 29, 2010, the Magistrate Judge entered his Report and Recommendation [Entry # 121] made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) for the District of South Carolina, wherein he recommends that Defendant's Motion for Summary Judgment [Entry # 68] be granted.

Plaintiff was apprised of his right to file objections to the Report and Recommendation and has done so in a memorandum filed with the Clerk of Court on August 16, 2010.[1] [Entry # 123]. In his opposition to the Report and Recommendation, Plaintiff argues that the Magistrate Judge failed to view the evidence in a light most favorable to Plaintiff and improperly resolved facts in controversy as to several arguments in Defendant's Motion for Summary Judgment. For the reasons contained herein, Defendant's Motion for Summary Judgment is granted, the Magistrate Judge's Report and Recommendation is adopted herein, this case is dismissed with prejudice as to the federal

---

[1]There seems to be confusion regarding whether or not Plaintiff timely filed objections to the Report and Recommendation. However, upon closer examination, it appears that a computer glitch caused the document to appear as though it was filed on August 17, 2010, instead of August 16, 2010. The Clerk of Court has subsequently remedied the mistake and the court finds that Plaintiff's objections were timely filed.

causes of action, and the court declines to exercise supplemental jurisdiction over the state law causes of action.

## STANDARD OF REVIEW

The Magistrate Judge makes his Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. A Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

Plaintiff objects to the Magistrate Judge's Report and Recommendation, arguing that the Magistrate Judge improperly resolved material facts in controversy as to whether: (1) Plaintiff met Defendant's (the employer) legitimate expectations at the time of the adverse actions; (2) Defendant replaced Plaintiff with an employee who is either outside the protected class or substantially younger than Plaintiff; and (3) Defendant retaliated against Plaintiff for making claims of age-related bias.[2]

---

[2] Harris argues the existence of material factual issues in his objections to the Magistrate Judge's Report and Recommendation by attaching a new and contradictory Affidavit. Harris has provided no explanation for his decision not to submit the Affidavit in connection with his response opposing Defendant's summary judgment motion. Therefore, the court, in its discretion, will not consider the Affidavit at this late stage of the proceedings. *See* Fed. R. Civ. P. 56(g); *Wlliams v. McNeil*, 557 F.3d 1287 (11th Cir. 2009) (affirming district court's discretion to refuse to consider arguments raised for the first time in objections to the magistrate judge's report and recommendation). However, the court will address the arguments made in Plaintiff's filed objections to the Report and Recommendation. To the extent that these arguments are supported by the contradictory affidavit, the court will not consider such arguments as stated herein.

2

**I. Legitimate Expectations at Time of Adverse Action**

Plaintiff contends that the Magistrate Judge improperly resolved a material fact in controversy which was directly relevant to whether Plaintiff was performing at the level of Defendant's legitimate expectations at the time of the adverse action. The Magistrate Judge determined that Defendant articulated deficiencies in Plaintiff's performance in memoranda dated March 5, June 18, and July 18, 2007, and found that Plaintiff did not establish a *prima facie* case of age discrimination under the ADEA because he failed to provide evidence that established that he was meeting his employer's legitimate expectations at the time of the adverse action. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

*A. The C237 Project*

Plaintiff argues that the Magistrate Judge relied on inconsistent facts in recommending that summary judgment be granted regarding the date on which Plaintiff's supervisor, Wade Wallace ("Wallace"), began a parallel project to correct Plaintiff's failure to successfully execute the project known as the C237 Project. However, the fact in question is not material. *See*, *e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989) (stating that conclusory allegations or denials, without more, are insufficient to preclude the granting of summary judgment).

Regardless of which date Wallace began the parallel project, it is uncontroverted that Plaintiff did not meet his employer's expectations because his compound was too expensive to produce.

Plaintiff contends that Wallace gave conflicting statements concerning when he began the project, and the Magistrate Judge stated in his Report and Recommendation that Wallace began the parallel project in February 2007 instead of June 2007. However, the evidence in the record demonstrates that Plaintiff had been working on the C237 Project for about six months and predicted that the C237 Project would result in significant cost savings for Defendant. Plaintiff claims he had a successful trial before he began reporting to Wallace. Despite Plaintiff's characterization of the compound as a success, Defendant deemed the project unacceptable because it was much more complicated to produce commercially than Plaintiff had initially anticipated. Therefore, the date on which Wallace began to oversee the parallel project is irrelevant. Even assuming that the Magistrate Judge had used Plaintiff's purported date, it remains undisputed that Defendant determined that Plaintiff had performed unsuccessfully and failed to complete the C237 Project to Wallace's satisfaction. Therefore, the court finds that the Magistrate Judge correctly determined that Plaintiff failed to demonstrate that he was meeting his employer's legitimate standards at the time of his termination.

*B. Vacation Days*

Plaintiff also argues that the Magistrate Judge erred in finding, as a material fact, that "[a]ccording to Mr. Wallace, Plaintiff made no effort to complete the C237 project. Instead, Plaintiff began taking multiple days of vacation immediately after being given the warning on June 18." Plaintiff contends that he actually worked at another lab in the days following June 18, 2007, and during the week of June 25, 2007. However, the dates averred in Plaintiff's objections contradict testimony in the record, which establishes that Plaintiff requested vacation for June 19th, 20th, the entire week of June 25th, July 2nd, and July 3rd. (*See* Harris Tr. 145:15-146:7; Wallace Decl. ¶ ¶ 33-34). Furthermore, Plaintiff admitted to taking vacation immediately following his June 18, 2007

4

warning by Wallace that his work was not satisfactory and he needed to complete the project. (Harris Tr. 147:24-148:2). Therefore, the Magistrate Judge did not err in finding that Plaintiff was not meeting his employer's legitimate expectations and that he could not establish a *prima facie* case of age discrimination.

*C. Directives Regarding Working Hours*

Plaintiff claims that the Magistrate Judge erroneously concluded that he ignored directives not to work in the chemical laboratory areas at night or on the weekends. Plaintiff argues that Wallace seemed to be determined to prevent Plaintiff from completing his work by denying him the opportunity to work at night and on the weekends, and that Jake Butts ("Butts"), his previous supervisor, had no concerns with Plaintiff's schedule in that regard. Plaintiff's argument with respect to Butts is irrelevant in the context of his new supervisor, Wallace. Plaintiff admitted that he was told by Wallace not to work in the plant for safety reasons when it was not operating. Plaintiff admittedly ignored these directives due to his own opinion that the plant was safe when not operating. While his erratic hours had been acceptable to his previous supervisor, they were not acceptable to Wallace. The court agrees with the Magistrate Judge that Plaintiff has presented no evidence that Wallace's expectations were motivated by age.

Therefore, based on the evidence in the record, the Magistrate Judge correctly determined that summary judgment should be granted in favor of Defendant.

**II. Replacement by a Younger Employee**

Plaintiff claims that the Magistrate Judge erred in finding that he was not replaced by an employee outside of the protected class or substantially younger than him. Specifically, Plaintiff argues that the job description given to him by Wallace on February 1, 2007 lists eleven duties, seven

5

of which were the same duties assigned to one of Plaintiff's replacements, Trish Guzman ("Guzman"). Furthermore, Plaintiff argues that the core of Guzman's job was identical to Plaintiff's previous job, and he performed all of the duties in the "scope of responsibilities" section of Guzman's job description. Again, the record does not support Plaintiff's assertions.

Instead, Defendant relied on evidence in the record to demonstrate that Plaintiff's position was eliminated and his duties were assigned to various other positions. Additionally, Plaintiff has acknowledged that Guzman's title of Chemist Lab Manager and his title of Senior Research Chemist were different. Furthermore, Plaintiff's objections directly contradict his deposition testimony where he did not dispute that Guzman's job description as Chemist Lab/Environmental Manager was not an accurate description for the job Plaintiff had performed, but much smaller in scope, as Guzman only dealt with vendors and formulations in an effort to purchase chemicals for less money. Furthermore, Guzman had responsibility for only a few of the general chemical duties that had previously been a portion of Plaintiff's job. Even Plaintiff claims Colon Knight "replaced him to a certain extent." (Harris Tr. 224:6-12). In addition, the Magistrate Judge considered Wallace's testimony that several employees performed Plaintiff's duties after his dismissal, Guzman assumed only two or three of Plaintiff's former duties, and Guzman did not report to Wallace, as Plaintiff had previously. Accordingly, Plaintiff's objections to the Magistrate Judge's finding that he was not replaced by a younger employee are unfounded based on the record before the court.

**III. Retaliation**

Plaintiff claims that the Magistrate Judge erred in concluding that no causal connection existed between his alleged complaints of age discrimination and the termination of his employment.

*1. Jake Butts*

The Magistrate Judge determined that Plaintiff could show no causal connection between statements made to his previous supervisor, Butts, and the termination of his employment because there was no temporal connection, no evidence that Butts repeated the statements to anyone else, and no evidence that Butts had any involvement in the decision to terminate Plaintiff's employment. Plaintiff has offered no argument to counter the Magistrate Judge's reasoning. Rather, in his objections, he simply repeats that he complained to Butts, while attempting to place the date of his complaint closer to the time of his termination by alleging it was "between late 2005 and January, 2007." However, this allegation is inconsistent with Plaintiff's earlier deposition testimony, where he claims he mentioned age discrimination to Butts in 2004 or 2005. (Harris Tr. 180:9-11; 181:2-12). Furthermore, Plaintiff admitted that Butts was not in a position to influence his employment status at the time of his termination. There is no evidence in the record to demonstrate that Butts told anyone about his conversation with Plaintiff. Plaintiff's conclusory statements to the contrary, therefore, are not sufficient to withstand Defendant's summary judgment motion.

*2. Martin Wildeman*

Plaintiff also claims in his objections to the Report and Recommendation that he reported discrimination to the owner of the company, Martin Wildeman ("Wildeman"). However, Plaintiff previously stated in his deposition that he cannot recall ever having mentioned age discrimination to Wildeman. The Magistrate Judge acknowledged Plaintiff's claim that he had reported discrimination to Wildeman, and noted Plaintiff's citation to a list of bullet points to be discussed in a meeting with "Martin." However, the Magistrate Judge properly concluded that because Plaintiff acknowledged Wildeman was never provided a copy of the bullet points, and because Plaintiff

7

admitted that he could not recall discussing discrimination with Wildeman, Plaintiff had provided no evidence that such a discussion had occurred. Therefore, Plaintiff's objections to the Magistrate Judge's Report and Recommendation that summary judgment be granted on his retaliation claim are unpersuasive.

**V. State Law Claims**

Because the court has found that Plaintiff's federal claims should be dismissed, the court shall decline to exercise supplemental jurisdiction over Plaintiff's state law claims for breach of contract, breach of contract accompanied by a fraudulent act, and defamation. 28 U.S.C. § 1367(c); *see United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

**CONCLUSION**

For the reasons stated above, the court finds Plaintiff's Objections to the Magistrate Judge's Report and Recommendation [Entry # 123] unpersuasive. Therefore, it is **ORDERED** that the Magistrate Judge's Report and Recommendation [Entry # 121] is adopted and incorporated herein; Defendant's Motion for Summary Judgment [Entry # 68] is granted; and the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

s/ J. Michelle Childs
United States District Judge

October 28, 2010
Greenville, South Carolina